UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 20-463 MWF (ASx)                    **Date:  April 16, 2020**
**Title:**    ***Brenda Core* v. *Sherman Way MNGT., LP, et al.***

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**   ORDER DISMISSING ACTION WITHOUT
PREJUDICE

On January 16, 2020, Plaintiff Brenda Core commenced this action against Defendant Sherman Way MNGT., LP.  (Complaint (Docket No. 1)).  Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must have served the Complaint by April 15, 2020.

On March 27, 2020, the Court issued an Order directing Plaintiff to show cause ("OSC"), by no later than April 15, 2020, why the action should not be dismissed for lack of prosecution.  (Docket No. 11).  The Court indicated than any request for an extension of time to effect service would "only be granted upon a showing of good cause, including, but not limited to, the date service was tendered to a process server and the date service was first attempted by the process server."  (*Id.* at 1).

As of April 16, 2020, no response to the OSC has been filed.  The Court would have accepted Plaintiff's Proof of Service, or a response to the Complaint or Application for Stay and Early Mediation by Defendant.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-463 MWF (ASx)**                              **Date:  April 16, 2020**
Title:       ***Brenda Core* v. *Sherman Way MNGT., LP, et al.***

calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted.  Plaintiff was specifically warned that failure to timely file a Proof of Service, or request an extension of time to do so, will result of dismissal of this action on April 16, 2020.  (OSC, p. 1).  Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.